# EXHIBIT B

## OCTOBER 18, 2021 MARKET SECURITIES PUBLICATION

***VNE/QCOM - CapForum has posted a 9-page article commenting EC, EU-member state regulatory bodies, SAMR and HSR. EC, EU-member states and SAMR might have some latitude to assert jurisdiction over the first or second step of the merger per some lawyers. The merger between QCOM and Arriver touches on verticals.

SSW Parners perceived independence from QCOM would drive some regulators to assert jurisdiction or not. SSW was formed in October 2020 and began talking to investors for fund raising late last year. QCOM is on the hook if SSW fails certain obligations to the merger, a backstop, which could make two firms possibly viewed as linked. EC might consider the two-step transaction as a warehousing arrangement that only allows the first step to close with the 2nd step approved if they see two as one-related party. A filing to Germany is a possibility given Arriver's deal valuation. CMA also can possibly step in if SWW is viewed acting on QCOM's behalf. SAMR, often driven by industrial policy, may have some flexibility to review deals that are not meeting the reporting threshold. While Arriver and QCOM had prior collaborations, HSR can raise some vertical issues under Khan due to the possibility of Arriver rivals being locked out by QCOM. But parties can also argue it strengthens competition in Advanced driver-assistance systems given other dominant players like Intel/Mobileye.

## OCTOBER 25, 2021 MARKET SECURITIES PUBLICATION

***AJRD/LMT - CapForum is out commenting on FTC staff examining possible a labor monopsony issue in Camden Arkansas. FTC staff is poring over employment data by a third party to determine if the merger would lessen competition for workers as labor monopsony has in recent years emerged as a growing bipartisan concern that Lina Khan has targeted as a top enforcement priority. In the past 40 days staff attorneys have deposed AJRN and LMT execs and FTC economists

continue to request data from industry players. The D of D has given the FTC's leadership its all important recommendation on the deal per one of the sources. However, that the DOD will be as influential this time isn't assured.

The US regulators have only rarely brought merger casese based on labor monopsony concerns, but this AJRN/LMT can be a prime opportunity to delve into the issue as each company employees about 1000 highly skilled people in Camden. However, the monopsony case is not clear cut. Other employment options do exist with other defense contractors such as GD, Armtec, and RTX. Defense contractors's demand for workers outstrips the supply in Camden, which can counteract LMT's ability to reduce salaries. Local communities are also not seeing the merger as an adverse labor event given the two companies producing different products and possible market share gains.

The FTC's pursuit of a monopsony case is far from a sure thing given a very small number of actual cases. in 2018, the FTC asked Grifols to divest blood plasma facilities in 3 US cities to address its only buyer status. In 2017, the DOJ demanded Danone to divest Stonyfield Farm to acquire WhiteWave as the merger would make Danone the only purchaser of raw milk in the Northeast. While monopsony cases are rarely litigated, one exception is DOJ's 2016 suit to block Anthem's merger with Cigna on more bargaining leverage over hospitals and doctors.