## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DBW PARTNERS, LLC d/b/a THE CAPITOL FORUM,

1629 K Street, N.W., Suite 300
Washington, D.C. 20006

*Plaintiff*

v.

MARKET SECURITIES, LLC,

75 Broad Street, 7th Floor
New York, New York 10004

and

BTG PACTUAL ASSET MANAGEMENT US LLC
24 Greenway Plaza, Suite 700
Houston, Texas 77046

*Defendants*

CIVIL ACTION NO.: 22-1333 (BAH)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARKET SECURITIES, LLC'S PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARKET SECURITIES, LLC'S PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 1

II.  ABBREVIATED PROCEDURAL HISTORY ..................................................... 2

III. ARGUMENT ....................................................................................................... 3

   A.  MARKET SECURITIES' MOTION STAYS ITS DEADLINE TO ANSWER ...................................... 3
   B.  LEGAL STANDARD FOR A RULE 12(B)(6) MOTION ............................................................ 3
   C.  COUNT I (DIRECT COPYRIGHT INFRINGEMENT) MUST BE PARTIALLY DISMISSED ............... 4
      a.  Plaintiff's SAC Is Unclear Regarding the Works At Issue ............................................. 5
      b.  Plaintiff Has Failed to Allege Substantial Similarity of Protectible Elements ............... 7
   D.  COUNT II (CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST MARKET SECURITIES)
   MUST BE DISMISSED ............................................................................................................ 9
      a.  Plaintiff Fails to Adequately Allege Direct Infringement ............................................ 9
      b.  Plaintiff Fails to Adequately Allege Facts Supporting Knowledge ............................. 11
      c.  Plaintiff Fails to Adequately Allege Facts Supporting Substantial Participation ......... 12

IV.  CONCLUSION .................................................................................................. 16

## **TABLE OF AUTHORITIES**

**Cases**

*Abbey House Media, Inc. v. Apple Inc.*, 66 F. Supp. 3d 413 (S.D.N.Y. Nov. 21, 2014)........ 13, 16

*Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140 (2d Cir. 1998) ......................................... 8

*ALS Scan v. Cloudflare, Inc.,* 2017 U.S. Dist. LEXIS 46937 (C.D. Cal. Feb. 16, 2017)............. 15

*Am. Soc'y for Testing & Materials v. Pub. Resource.Org, Inc.*, No. 13-cv-1215 (TSC), 2017 U.S.
    Dist. LEXIS 14623 (D.D.C. Feb. 2, 2017)........................................................................ 10, 11

*Arias v. Universal Music Grp.*, 2022 U.S. Dist. LEXIS 204579 (D.D.C. Nov. 10, 2022) ........... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................... 4

*Buchanan v. Sony Music Entm't*, No. 18-cv-3028 (KBJ), 2020 U.S. Dist. LEXIS 92405 (D.D.C.
    May 26, 2020) ..................................................................................................................... 4, 7

*DBW Partners, LLC v. Bloomberg, L.P.*, 2019 U.S. Dist. LEXIS 195725 (D.D.C. Nov. 12, 2019)
    ............................................................................................................................................. 6, 11

*DiLorenzo v. Norton*, Civil Action No. 07-144 (RJL), 2009 U.S. Dist. LEXIS 66862 (D.D.C.
    July 31, 2009)......................................................................................................................... 14

*Dress Barn, Inc. v. Klauber Bros.*, No. 18cv8085 (DLC), 2019 U.S. Dist. LEXIS 68869
    (S.D.N.Y. Apr. 22, 2019) ....................................................................................................... 12

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)................................................... 7

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869 (S.D.N.Y. 2016) 13, 15

*Herron v. Fannie Mae*, 861 F.3d 160 (D.C. Cir. 2017) .................................................................. 3

*ICC Evaluation Serv., LLC v. Int'l Ass'n of Plumbing & Mech. Officials*, 2020 U.S. Dist. LEXIS
    67783 (D.D.C. April 17, 2020) ................................................................................................ 3

*Kaempe v. Myers*, 361 U.S. App. D.C. 335, 367 F.3d 958 (2004) ............................................... 14

*Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271 (D.C. Cir. 1994)................................................... 12

*Macher v. Netflix, Inc.*, 2023 U.S. Dist. LEXIS 130085 (W.D.Va. July 27, 2023)...................... 9

*Med-Systems v. Masterson Mktg.*, 2011 U.S. Dist. LEXIS 135216 (S.D. Cal. Nov. 23, 2011) ... 15

*MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) .......................................................... 13

*Narell v. Freeman*, 872 F.2d 907 (9th Cir. 1989) ......................................................................... 9

*Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181 (D.D.C. 2005)...................................... 5, 9, 10, 15

*Perfvwaybelayouix v. Graham-Drake*, Civil Action No. 22-1019 (CKK), 2022 U.S. Dist. LEXIS
    216913 (D.D.C. Dec. 1, 2022) ......................................................................................... 4, 6, 8

*Potter v. Toei Animation, Inc.*, 839 F. Supp. 2d 49 (D.D.C. 2012) ............................................... 5

*Prunte v. Universal Music Grp., Inc.*, 699 F. Supp. 2d 15 (D.D.C. 2010) ........................... passim

*Prunty v. Vivendi*, 130 F. Supp. 3d 385 (D.D.C. 2015) ................................................................. 8

*Sturdza v. United Arab Emirates*, 281 F.3d 1287 (D.C. Cir. 2002).............................................. 4

*Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117 (D.D.C. 2019)......................... 4

*Youkelsone v. FDIC*, 910 F. Supp. 2d 213, 221 (D.D.C. 2012)................................................... 14

**Statutes**

17 U.S.C. § 102............................................................................................................................. 4

17 U.S.C. § 106........................................................................................................................... 10

**Other Authorities**

Register of Copyrights, *Copyright Protections for Press Publishers* (June 2022)....................... 9

UNITED STATES COPYRIGHT OFFICE, *Copyright Protections for Publishers* (June 2022), *available
    at* https://www.copyright.gov/policy/publishersprotections/202206-Publishers-Protections-
    Study.pdf ................................................................................................................................. 7

**Rules**

Fed. R. Civ. P. 11(b)(3)..................................................................................................... 12

**Treatises**

1 Nimmer on Copyright § 2.01 ........................................................................................... 9

3 Nimmer on Copyright § 12.04(A)(3)(a) .......................................................................... 9

**Regulations**

17 CFR § 240.10b-5............................................................................................................ 16

37 CFR § 202.1 ................................................................................................................... 5

Defendant Market Securities, LLC ("Defendant" or "Market Securities") hereby moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to partially dismiss Plaintiff DBW Partners, LLC d/b/a The Capitol Forum's Second Amended Complaint (*Dkt. No. 28*) ("Plaintiff" or "CapForum" and "SAC", respectively) for a failure to state a claim upon which relief can be granted (the "Motion"). In support of this Motion, Market Securities states as follows:

## I.    INTRODUCTION

After the benefit of months of discovery, during which it has been made abundantly clear that the instant action is improperly motivated by Plaintiff's desire to inhibit the free flow of information, in the SAC, Plaintiff has, among other things, identified well over forty[1] baseless new instances of purported direct infringement by Market Securities, and taken another attempt at adequately pleading a contributory copyright infringement claim against Market Securities. Momentarily putting the issue of Market Securities' obvious fair use of Plaintiff's materials aside—an issue that will be revisited later on in this case[2]—Plaintiff's SAC once again fails. Not only has Plaintiff failed to properly identify its own copyright registrations at issue, but it also attempts to secure a monopoly on titles and commonplace short words and phrases, despite it being black letter law that the foregoing are not protectible under the Copyright Act.

---

[1] In the Original Complaint (as defined *infra*), Plaintiff alleged two (2) instances of direct infringement against Market Securities, which are also included in the SAC. The SAC then includes an Exhibit C, which outlines forty-four (44) instances of alleged new infringements, and seven (7) supposed "instances of illegal distribution of copyrighted material". However, upon closer inspection, it would appear that forty-eight (48) discrete articles are purportedly at issue.

[2] Plaintiff alleges in the SAC that Market Securities purportedly knows that its alleged conduct is "not excepted from copyright protection by the 'fair use' doctrine". SAC, ¶ 7. Not only does the foregoing statement not make sense since fair use is an affirmative defense, not an exception to copyright protection, but it is patently false to suggest that Market Securities does not believe its conduct constitutes a fair use—a legal conclusion—in light of, among other things, Market Securities' motion to dismiss the Original Complaint (as defined herein) (*Dkt No. 15-1*). Market Securities maintains that its conduct is in fact a fair use, but will not belabor the point herein, given that this Court previously found that Market Securities' arguments related to the same were premature on a motion to dismiss (*Dkt. No. 20*, FN 1), and as such, Market Securities will reserve all such arguments for its motion for summary judgment.

As for Plaintiff's contributory claim, in an overt display of gamesmanship, during the course of discovery, upon discovering the identity of one of Market Securities' clients that served as a source of information pertaining to Plaintiff's publications—BTG Pactual Asset Management US LLC ("BTG")—Plaintiff's counsel contacted a representative of BTG via telephone—outside the avenues of any formal, proper legal process such as subpoena—in an obvious attempt to muster up facts in support of a contributory copyright infringement claim against Market Securities. Finding that no such facts exist, in the SAC, Plaintiff has concocted a knowingly false narrative relating to a purported "agreement" between Market Securities and BTG regarding the exchange of Plaintiff's articles. Even accepting Plaintiff's fictious account of events as true, as the Court must at the pleading phase, Plaintiff has unequivocally failed to state a claim for contributory infringement against Market Securities, given Plaintiff's failure to properly allege facts—rather than conclusory statements—supporting BTG's direct infringement, Market Securities' knowledge and/or Market Securities' substantial participation or material contribution to any infringing conduct whatsoever. Accordingly, Plaintiff's contributory infringement claim should be dismissed with prejudice, along with portions of its direct infringement claim against Market Securities.

## II.   ABBREVIATED PROCEDURAL HISTORY

On May 13, 2022, Plaintiff filed its original Complaint (*Dkt. No.1*) (the "Original Complaint") against Market Securities, wherein it alleged claims of direct copyright infringement, contributory copyright infringement, and misappropriation of proprietary information. On July 15, 2022, Market Securities filed a motion to dismiss the Original Complaint (*Dkt. No. 15*). Thereafter, on March 23, 2023, this Court issued a Memorandum Opinion and Order (the "3/23 Order") in which it dismissed Plaintiff's claims of contributory copyright infringement and misappropriation of proprietary information, but allowed Plaintiff's claim for direct infringement to survive. After

2

substantial discovery took place, including the production of hundreds of documents, and the depositions of two (2) of Market Securities' representatives, on September 11, 2023, Plaintiff filed the SAC wherein it alleges claims of direct and contributory copyright infringement against Market Securities, as well as a direct copyright infringement claim against BTG.

## III.    ARGUMENT

### A.  Market Securities' Motion Stays Its Deadline to Answer

As a threshold matter, Market Securities respectfully submits that this Motion, although only seeking a partial dismissal, suspends its time to file an answer to the SAC. *See, e.g., Betz v. First Credit Servs.*, 139 F. Supp. 3d 451, FN 4 (D.D.C. 2015) (noting that Fed. R. Civ. P. 12 does not "specifically address the applicability of this Rule to a partial motion to dismiss", and "the weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion", and adopting the majority viewpoint) (citing authorities) (internal citations omitted). To the extent that the Court disagrees, Market Securities hereby respectfully requests that the Court stay its deadline to answer the SAC until after this Motion has been decided.

### B.  Legal Standard for a Rule 12(b)(6) Motion

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint". *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017). While the allegations of a complaint are to be construed in a plaintiff's favor, in ruling on any such motion, "the court 'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *ICC Evaluation Serv., LLC v. Int'l Ass'n of Plumbing & Mech. Officials*, 2020 U.S. Dist. LEXIS 67783, at *12 (D.D.C. April 17, 2020) (internal citation omitted). "A complaint survives a motion under Rule 12(b)(6) only if it 'contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Id.*, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In ruling on such a motion, a court does not generally consider matters outside the pleadings. *Perfvwaybelayouix v. Graham-Drake*, Civil Action No. 22-1019 (CKK), 2022 U.S. Dist. LEXIS 216913, at *10 (D.D.C. Dec. 1, 2022). However, "a court may consider documents 'incorporated by reference in the complaint' or 'documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint.'" *Id.* at *11, citing *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2019).

### C.  Count I (Direct Copyright Infringement) Must Be Partially Dismissed

"According to the D.C. Circuit, to state a claim for copyright infringement, a plaintiff must allege facts that, if true, would 'prove both [1] ownership of a valid copyright and [2] that the defendant copied original or 'protectable' aspects of the copyrighted work.'" *Buchanan v. Sony Music Entm't*, No. 18-cv-3028 (KBJ), 2020 U.S. Dist. LEXIS 92405, at *12 (D.D.C. May 26, 2020), citing *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1295 (D.C. Cir. 2002). In order to establish copying, plaintiff must allege both access and substantial similarity of original ***protectible expression***. *Id.* at *13. "Protectible aspects of an artist's work are those 'that display the stamp of the author's originality'; thus, facts, ideas, and 'incidents, characters, and setting which are . . . standard[] in the treatment of a given topic' are all considered unprotectible." *Id.* at *14 (internal citation omitted); *see also Prunte v. Universal Music Grp., Inc.*, 699 F. Supp. 2d 15 (D.D.C. 2010) (also noting that ideas and facts are not copyrightable, nor are individual words or short phrases). In fact, the Copyright Act explicitly provides that "[i]n no case does copyright protection for an original work of authorship extend to any idea. . . concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). Likewise, 37 CFR § 202.1 provides that "[w]ords and short phrases such as names, titles,

and slogans" are not eligible for copyright protection. *See also Prunte*, 699 F. Supp. 2d at 16 (collecting cases supporting the proposition that ordinary and/or common phrases are not protectible).

### a. *Plaintiff's SAC Is Unclear Regarding the Works At Issue*

In order to make out a claim for copyright infringement, the plaintiff must specifically identify the works at issue. *See Potter v. Toei Animation, Inc.*, 839 F. Supp. 2d 49, 53 (D.D.C. 2012) ("[a] copyright-infringement claim must allege the existence of specific works subject to the copyright claim, that the copyrights are registered, and the acts and time period during which the defendant allegedly infringed the copyright."); *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181, 187 (D.D.C. 2005) (finding complaint failed to state a claim because it was "virtually impossible to determine what materials have allegedly been infringed").

Here, like Plaintiff's Original Complaint, the SAC cites to sixteen (16) purportedly "relevant" copyright registrations, which all cover serials of varying dates from October 2020 through January 2022 (the "Asserted Registrations"). SAC, ¶ 19; TX0008939090 (covers articles published in October 2020), TX0008941939 (covers articles published in November 2020), TX0008953721 (covers articles published in December 2020), TX0008993172 (covers articles published in January 2021), TX0008996171 (covers articles published in February 2021), TX0009025943 (covers articles published in March 2021), TX0009070990 (covers articles published in April 2021), TX0009032436 (covers articles published in May 2021), TX0009032413 (covers articles published in June 2021), TX0009032843 (covers articles published in July 2021), TX0009031554 (covers articles published in August 2021), TX0009033043 (covers articles published in September 2021), TX0009108744 (covers articles published in October 2021), TX0009094440 (covers articles published in November 2021), TX0009071495 (covers articles published in December 2021), and TX0009082488 (covers

articles published in January 2022).[3] While Plaintiff once again attaches Plaintiff's publications dated October 25, 2021 and October 18, 2021 as Exhibit A (presumably covered by TX 9-108-744, which covers newsletter issues published from October 1, 2021 through October 29, 2021), Plaintiff now also attaches a document as Exhibit C that identifies forty-four (44) additional alleged infringements, and seven (7) "instances of [alleged] illegal distribution of copyrighted material" (the "Additional Alleged Infringements"). *See Dkt. No. 28*, pp. 40-84. Based on a review of the dates of Plaintiff's publications identified on Exhibit C, it would appear that: 1) Plaintiff has not set forth factual allegations supporting Market Securities' alleged infringement of all sixteen (16) of the Asserted Registrations (namely, there is no evidence included in the SAC that TX 8-953-721, TX 8-996-171, TX 9-094-440, TX 9-071-495, and TX 9-082-488 have been allegedly infringed); and 2) Plaintiff has asserted the alleged infringement of sixteen (16) of its articles that are not covered by any of the sixteen (16) Asserted Registrations (for example, Plaintiff alleges that certain articles published in March 2020 were purportedly infringed, but none of the copyrights identified cover articles published during that time period).[4] Accordingly, to the extent that Plaintiff has failed to adduce supporting allegations or evidence of infringement and/or the copyright registrations allegedly infringed, the SAC fails to state a claim with respect to those alleged Additional Alleged Infringements.[5] *See, e.g., DBW Partners, LLC v. Bloomberg, L.P.*, 2019 U.S. Dist. LEXIS 195725, at *10 (D.D.C. Nov. 12, 2019) (dismissing claims, finding that Plaintiff's complaint failed to provide the defendant with adequate notice of the claims against it

---

[3] Plaintiff does not append its copyright registrations to the SAC, but the Court can properly consider the same, and the facts set forth therein, which are available via the U.S. Copyright Office's online portal at https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First, given that Plaintiff relies upon the same in order to bring this lawsuit. *See Perfwaybelayouix*, 2022 U.S. Dist. LEXIS 216913, at *11 (noting that a court may consider documents outside the pleadings, which are referred to in the pleading, and integral to the claim).

[4] Based on the time period in which Plaintiff's publications were published, the sixteen (16) articles referenced on pages 40-54, and page 84 of the SAC are not covered by Plaintiff's Asserted Registrations.

[5] The situation now is vastly different from when Plaintiff filed its original pleading, and the Court rendered the 3/23 Order (*see* p. 7). Now, Plaintiff has had the benefit of substantial discovery from Market Securities (*see* SAC, ¶ 6).

when Plaintiff failed to "identify the specific infringed works that form the basis for Capitol Forum's copyright claim", given that "to plead a claim of copyright infringement, a plaintiff must allege in [its] complaint what materials are being infringed and that the plaintiff owns the copyright for those materials'") (internal citation omitted).

**b.  _Plaintiff Has Failed to Allege Substantial Similarity of Protectible Elements_**

Additionally, with respect to many of the Additional Alleged Infringements[6]—at the very least those identified on pages 51, 53, 56, 60, 61, 68, 69, 71 and 80 of the SAC—Plaintiff's claim for direct copyright infringement fails because Plaintiff has failed to identify substantial similarity between **_protectible elements_** of Plaintiff's articles and Market Securities' commentaries. _See, e.g._, _Buchanan_, 2020 U.S. Dist. LEXIS 92405, at *12 (granting motion to dismiss, and collecting cases where motions to dismiss have been granted due to the failure to plead sufficient facts supporting substantial similarity of protectible elements).

In assessing substantial similarity, the first step of the analysis "'requires identifying which aspects of the artist's work, if any, are protectible by copyright' – that is, which aspects display the author's 'stamp of originality.'" _Prunte_, 699 F. Supp. 2d at 22  (internal citations omitted). "The mere fact that a book, play, or piece of music is copyrighted does not mean that every part of it is protected." _Id._ Indeed, it is black letter law that "'[n]o one may claim originality as to facts'" _Feist Publ'ns, Inc. v. Rural Tel. Serv. Co._, 499 U.S. 340, 370 (1991) (internal citations omitted); _see also_ UNITED STATES COPYRIGHT OFFICE, _Copyright Protections for Publishers_ (June 2022), _available   at_   https://www.copyright.gov/policy/publishersprotections/202206-Publishers-Protections-Study.pdf, at 30 ("One fundamental constraint on publishers' ability to prevent reuse of their news content is that facts and ideas are not copyrightable."). Likewise, "[l]ike _scenes a_

---

[6] To be clear, Market Securities' argument herein only extends to the Additional Alleged Infringements, given this Court's prior finding that Plaintiff had sufficiently alleged its claim with respect to Plaintiff's articles appended to both the Original Complaint and the SAC as Exhibit A. 3/23 Order, p. 7.

*faire*, individual words and short phrases are generally not protected because they lack the requisite originality". *Prunte*, 699 F. Supp. 2d at 23; *see also Acuff-Rose Music, Inc. v. Jostens, Inc*., 155 F.3d 140, 144 (2d Cir. 1998) (phrases that "enjoy[] a robust existence in the public domain" are not protectible). Moreover, "[w]here there are only a few, limited ways of expressing an idea, the merger doctrine bars protection for the expression in order to avoid giving a backdoor monopoly in the idea itself." *Copyright Protections for Publishers*, at 33.

Applying the foregoing framework, the comparisons set forth on Exhibit C to the SAC clearly demonstrate that many of Plaintiff's claims fail as a matter of law. For example, the comparison on page 56 of the SAC demonstrates that the sole similarity between the works at issue are the words "management comments" and "could support anti-merger narrative", all of which only appear in Plaintiff's article *in the title*. Likewise, the comparisons on pages 68 and 71 demonstrate that the only similarity between the works is Defendants' purported use of the *titles* of Plaintiff's articles. In a similar vein, the comparisons on pages 51, 60, 61, 69, and 80 reveal alleged similarities that extend to Defendant's purported use of components of Plaintiff's titles or short words or phrases that are commonplace in the financial industry. In other words, the only similarities between the aforementioned articles and Defendant's commentaries are similarities in elements that are unprotectible, and not original to Plaintiff. Therefore, Plaintiff's claim for direct copyright infringement with respect to those articles and commentaries must fail. *See, e.g., Prunty v. Vivendi*, 130 F. Supp. 3d 385, 390 (D.D.C. 2015) (granting motion to dismiss, finding that the complaint failed to state a cognizable claim, given that the only similarity between the works, both of which were appended to the complaint, were a common word in the titles and the use of the phrase "keys to the kingdom"); *Perfvwaybelayouix*, 2022 U.S. Dist. LEXIS 216913, at *21 (granting motion to dismiss, finding that "[t]he common short words that Plaintiff emphasizes in

both his and Defendants' songs are not protectible elements of his work"); *Macher v. Netflix, Inc.*, 2023 U.S. Dist. LEXIS 130085 (W.D.Va. July 27, 2023) (granting motion to dismiss when similarity extended to title, noting that titles are not copyrightable; *see also Prunte*, 699 F. Supp. 2d at 25 (granting motion for summary judgment, noting "[o]f course, titles are not protectible, and neither are short, common phrases such as 'fire in the hole.'"); *Narell v. Freeman*, 872 F.2d 907 (9th Cir. 1989); 1 Nimmer on Copyright § 2.01 ("the weight of existing authority apparently precludes copyright protection for a title regardless of its degree of creativity"); Register of Copyrights, *Copyright Protections for Press Publishers* (June 2022), *available at* https://www.copyright.gov/policy/publishersprotections/202206-Publishers-Protections-Study.pdf, p. 36 ("Courts have generally treated titles as uncopyrightable per se, regardless of any creativity their authors claim they possess."), FN 191 (collecting authorities).

### D. Count II (Contributory Copyright Infringement Against Market Securities) Must Be Dismissed

With respect to Plaintiff's contributory claim, "[a] party 'who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another, may be held liable as a 'contributory infringer.'" 3 Nimmer on Copyright § 12.04(A)(3)(a) (citing cases). "In order to establish a claim of contributory copyright infringement, the plaintiff must allege '(1) direct infringement by a third party; (2) knowledge by the defendant that third parties were directly infringing; and (3) substantial participation by the defendant in the infringing activities.'" *Newborn*, 391 F. Supp. 2d at 186 (internal citations omitted).

#### a. *Plaintiff Fails to Adequately Allege Direct Infringement*

To satisfy prong one (i.e., direct infringement by a third party), "a plaintiff must establish '(1) which specific original works form the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance

with the statute; and (4) by what acts [and] during what time the defendant infringed the copyright.'" *Newborn*, 391 F. Supp. 2d at 186. With respect to the fourth element, a plaintiff "must show that a third party infringed its copyrights by violating [its] exclusive rights under 17 U.S.C. § 106, including reproduction, preparation of derivative works, [public] distribution, or public display." *Am. Soc'y for Testing & Materials v. Pub. Resource.Org, Inc.*, No. 13-cv-1215 (TSC), 2017 U.S. Dist. LEXIS 14623, at *65 (D.D.C. Feb. 2, 2017).

Here, like Plaintiff's original claim for contributory infringement, which was dismissed, Plaintiff's amended claim for contributory infringement fails due to Plaintiff's failure to adequately allege direct infringement by BTG and/or unidentified third parties.[7] In Plaintiff's SAC, Plaintiff alleges that BTG "transmit[ted] the Capitol Forum publications" to Market Securities. *See, e.g.*, SAC, ¶ 58. While Plaintiff has amended its pleading to indicate that the reports were allegedly "transmitted over. . .WhatsApp" (SAC, ¶ 26), it still remains unclear: 1) what exclusive rights provided under 17 U.S.C. § 106,[8] if any, BTG (or any other third party) violated by virtue of the alleged "transmission" of Plaintiff's reports privately to Defendant; and 2) what registered copyrights have been allegedly infringed by BTG. Under 17 U.S.C. § 106(3), a copyright holder only has the exclusive right "to distribute copies or phonorecords of the copyrighted work ***to the public*** by sale or other transfer of ownership, or by rental, lease, or lending" (emphasis added). From Plaintiff's SAC, it remains unclear how BTG committed any

---

[7] In the SAC, Plaintiff indicates that Defendant has encouraged and induced "Capitol Forum subscribers to send it the copyrighted reports" (¶¶ 53-44); however, no other subscribers are specifically identified, and the SAC is devoid of supporting facts regarding how Market Securities allegedly encouraged or induced such other unidentified subscribers. To the extent Plaintiff's claim extends to other unidentified subscribers, it fails on that basis. *See, e.g., Arias v. Universal Music Grp.*, 2022 U.S. Dist. LEXIS 204579 (D.D.C. Nov. 10, 2022) (granting motion to dismiss when the plaintiff failed to identify which third party or parties provided a basis for the plaintiff's contributory infringement claim).

[8] 17 U.S.C. § 106 solely provides a copyright holder with the following exclusive rights: reproduction, the preparation of derivative works, of public distribution, public performance, public performance, and digital audio transmission (in the case of sound recordings). The only potential rights that could plausibly be implicated here are the rights of public distribution and reproduction, which is why these are the only rights addressed herein.

violation of Plaintiff's rights by purportedly "transmitting" one or more of Plaintiff's works privately to Defendant for the purposes of financial advice. Moreover, Plaintiff indicates that sixteen (16) Asserted Registrations are "relevant". SAC, ¶ 19. It then goes on to state that "Ms. Suarez sent over 60 Capitol Forum copyrighted publications to Ms. Donaker, including the following publications that escaped destruction: dated April 24, 2020, September 23, 2020, and November 13, 2020." SAC, ¶ 27. Other than the April 24, 2020, September 23, 2020, and November 13, 2020 articles, however, none of the other articles are identified nor is it alleged that all such articles are covered by valid copyright registrations. Notably, none of the sixteen (16) Asserted Registrations identified by Plaintiff in the SAC cover articles published in April 2020 or September 2020.[9] Thus, Plaintiff's SAC fails to plausibly state a claim for contributory infringement on that basis alone. *See DBW Partners, LLC*, 2019 U.S. Dist. LEXIS 195725, at *11 (finding that Plaintiff's contributory copyright claim also failed due to Plaintiff's failure to "identify what underlying works are being infringed").

    **b.** ***Plaintiff Fails to Adequately Allege Facts Supporting Knowledge***

As for the knowledge requirement, Plaintiff's allegations regarding Defendant's purported knowledge that BTG's (or any other unidentified third party subscriber's) actions constituted infringement are conclusory and self-serving. Plaintiff alleges that Market Securities knew: 1) "that the Capitol Forum publications are copyrighted", and "that it is a direct copyright violation for Capitol Forum's subscribers to transmit copyrighted material to a non-subscriber". SAC, ¶ 7.

---

[9] As noted above, TX0008939090 covers articles published in October 2020; TX0008941939 covers articles published in November 2020; TX0008953721 covers articles published in December 2020; TX0008993172 covers articles published in January 2021; TX0008996171 covers articles published in February 2021; TX0009025943 covers articles published in March 2021; TX0009070990 covers articles published in April 2021; TX0009032436 covers articles published in May 2021; TX0009032413 covers articles published in June 2021; TX0009032843 covers articles published in July 2021; TX0009031554 covers articles published in August 2021; TX0009033043 covers articles published in September 2021; TX0009108744 covers articles published in October 2021; TX0009094440 covers articles published in November 2021; TX0009071495 covers articles published in December 2021; and TX0009082488 covers articles published in January 2022.

The SAC is devoid of factual support for Market Securities' alleged knowledge. Instead, in the SAC, Plaintiff essentially asserts that Market Securities' alleged knowledge of BTG's purported infringing conduct can be inferred from: 1) the fact that Plaintiff's publications contain a copyright notice and warning;[10] and 2) that Plaintiff's publications were allegedly sent to Defendant via WhatsApp.[11] SAC, ¶ 39. None of the foregoing plausibly supports Defendant's knowledge that BTG's alleged acts—"transmitting" Plaintiff's publications to Defendant for the purpose of Defendant providing investment advice (SAC, ¶ 27)—were infringing. *See, e.g., Dress Barn, Inc. v. Klauber Bros.*, No. 18cv8085 (DLC), 2019 U.S. Dist. LEXIS 68869, at *13 (S.D.N.Y. Apr. 22, 2019) (finding allegations that the counterdefendants committed copyright infringement with actual or constructive knowledge of the plaintiff's rights amounted to "a threadbare recitation of the legal requirement [for contributory infringement] that is inadequate to plausibly allege. . .knowledge"); *see also Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) ("the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.")

### c.  *Plaintiff Fails to Adequately Allege Facts Supporting Substantial Participation*

Likewise, Plaintiff's allegations regarding Market Securities' purported participation in BTG's alleged infringement is woefully lacking. "Participation sufficient to establish a claim of contributory infringement may not consist of merely providing the 'means to accomplish an infringing activity.' . . . [r]ather, 'participation in the infringement must be 'substantial' and the

---

[10] Plaintiff alleges that Market Securities and BTG are both aware of the copyright notice and warning (SAC, ¶ 7); however, under Plaintiff's fictitious theory of the case, BTG transmits Plaintiff's publications to Market Securities such that Market Securities would not have seen such publications (or any notice or warning) until after such "transmission" (i.e., the purported infringing act) had occurred.

[11] While the factual allegations set forth in the SAC are to be taken as true, it is worth mentioning that the purported "arrangement" referenced in the SAC is an entirely false narrative, knowingly concocted by Plaintiff and/or its counsel. At this juncture, Plaintiff has had the benefit of substantial discovery, none of which supports the allegations set forth in the SAC, but instead, the discovery taken controverts the same. Accordingly, such allegations violate Fed. R. Civ. P. 11(b)(3) and should be voluntarily withdrawn by Plaintiff.

'authorization or assistance must bear a direct relationship to the infringing acts, and the contributory infringer must have acted in concert with the direct infringer.'" *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 898 (S.D.N.Y. 2016) (internal citations omitted). To allege actionable inducement, there must be allegations of "active steps . . . taken to encourage direct infringement. . .such as advertising an infringing use or instructing how to engage in an infringing use. . . and a showing that infringement was encouraged". *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (internal citations omitted); *see also Abbey House Media, Inc. v. Apple Inc.*, 66 F. Supp. 3d 413, 421 (S.D.N.Y. Nov. 21, 2014) ("Inducement of copyright infringement requires 'purposeful, culpable expression and conduct' that encourages copyright infringement.").

In the SAC, Plaintiff repeatedly alleges, in a conclusory fashion without an iota of supporting factual allegations, that Market Securities has "substantially participated" in BTG's allegedly infringing conduct (i.e., the "transmission of [Plaintiff's articles] to Market Securities", SAC, ¶ 1) (*see* SAC, ¶¶ 1, 52, 53), "induced, enticed, and promoted" such conduct (SAC, ¶ 25, *see also* ¶ 5), and/or "encouraged", "solicited" and/or "aided and abetted" the same (SAC, ¶¶ 7, 52). As Plaintiff admits, the nature of Defendant's business—as a registered brokerage firm that has a legal duty to disclose material information pertaining to or affecting the stock market to its customers[12]—is such that clients, including BTG, come to it for investment advice. *See* SAC, ¶ 23

---

[12] *See, e.g.*, 17 CFR § 240.10b-5 (making it unlawful for any person "to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading" in connection with the purchase or sale of any security); *Obligations to Your Customers*, FINRA, https://www.finra.org/registration-exams-ce/manage-your-career/obligations-your-customers (last visited July 12, 2022) (requiring disclosure of material information about investments, and that under certain circumstances, may constitute fraud); *2010. Standards of Commercial Honor and Principles of Trade*, FINRA, https://www.finra.org/rules-guidance/rulebooks/finra-rules/2010#the-rule (last visited July 12, 2022); 2020. Use of Manipulative, Deceptive or Other Fraudulent Devices, FINRA, https://www.finra.org/rules-guidance/rulebooks/finra-rules/2020#the-rule (last visited July 12, 2022). While all of Market Securities' obligations are not mentioned in the SAC, the Court is able to take judicial notice of the same. *See Newborn*, 391 F. Supp. 2d 181 (noting that on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference into the complaint, and matters about which the Court may take judicial

("Market Securities is a financial services broker. According to its website, it provides a 'wide range of cross-asset execution and advisory solutions to institutional clients including Banks, Asset Managers, Hedge Funds and sell-side firms.' In providing its advisory solutions, Market Securities acquires timely market information from various sources and then publishes this information to its clients through the internet, one of which is BTG"). While acknowledging the foregoing, Plaintiff then alleges:

> Ms Suarez and Ms. Donaker entered an arrangement by which Ms. Suarez would send the Capitol Forum reports to Ms. Donaker. Ms. Donaker agreed to provide Ms. Suarez with her views and advice on the Capitol Forum analyses if the publications would be sent to her. Ms. Donaker also agreed that upon transmission of the Capitol Forum reports, she would agree not to share them further, and would not use or republish the copyrighted material in any fashion. Ms. Donaker's actions and expressions in this regard induced, enticed, and promoted BTG Pactual's direct infringement.

SAC, ¶ 25. Plaintiff further alleges that "[b]ased upon Ms. Donaker's agreement that she would provide Ms. Suarez with investment advice, and that she would not use, share, or republish the Capitol Forum material, and that she would delete or destroy the Capitol Forum publications she received, Ms. Suarez began to send the reports to her in early 2020" (SAC, ¶ 27). In other words, the sole alleged "act" that Plaintiff bases its contributory claim on is a purported "agreement" by Ms. Donaker that Plaintiff suggests "encouraged" or "induced" BTG to send Plaintiff's publications to Market Securities. Yet, in concocting this fictitious version of events,[13] Plaintiff fails to consider that: 1) as Plaintiff notes, Ms. Donaker's job is to provide her opinions and investment advice to clients, irrespective of whether or not Market Securities receives Plaintiff's articles (see SAC, ¶¶ 23, 24); and 2) any purported agreement to not re-use, share or republish and

---

notice."); *Kaempe v. Myers*, 361 U.S. App. D.C. 335, 367 F.3d 958 (2004) (noting that the Court may take judicial notice of public records on a motion to dismiss); *Youkelsone v. FDIC*, 910 F. Supp. 2d 213, 221 (D.D.C. 2012) ("a court may take judicial notice of historical, political, or statistical facts, or any other facts that are verifiable with certainty"); *DiLorenzo v. Norton*, Civil Action No. 07-144 (RJL), 2009 U.S. Dist. LEXIS 66862 (D.D.C. July 31, 2009) (taking judicial notice of SEC filings on a motion to dismiss).

[13] *See* footnote 10 above.

to delete Plaintiff's publications (even if it did exist, which it did not), would inhibit, rather than promote infringing conduct. The "facts" alleged in the SAC, even if taken as true, do not support a claim for contributory infringement, and Plaintiff's allegations of "inducement", "encouragement", "substantial participation", and the like, are legal conclusions that need not, and should not, be accepted by this Court. *See Newborn*, 391 F. Supp. 2d at 189 ("brief, conclusory statements, which are accompanied by no factual support, are simply insufficient to state a claim of contributory copyright infringement"). Consequently, Plaintiff's claim for contributory infringement against Market Securities should be dismissed in its entirety. *See, e.g., Newborn*, 391 F. Supp. 2d at 189 (granting motion to dismiss contributory infringement claim, finding that the complaint "contain[ed] only cryptic suggestions that the defendants substantially participated in the alleged infringing activities); *Gym Door Repairs, Inc.*, 206 F. Supp. 3d at 899 (granting motion to dismiss contributory claim, finding that the allegations that one of the defendants and its employees "took steps that had the effect of inducing or causing the direct infringement" were "too attenuated to state a claim for contributory copyright infringement", and did not suffice to allege "active steps . . . to encourage direct infringement . . . such as advertising an infringing use or instructing how to engage in an infringing use" or of affirmative intent to encourage infringement); *Med-Systems v. Masterson Mktg.*, 2011 U.S. Dist. LEXIS 135216, at *20 (S.D. Cal. Nov. 23, 2011) (granting motion to dismiss contributory infringement claim finding that the counterclaimant had not alleged sufficient facts to show that the alleged infringer had "induced or materially contributed to the infringing conduct" or that it was in "any way responsible for. . .use of the copyrighted materials"); *ALS Scan v. Cloudflare, Inc.,* 2017 U.S. Dist. LEXIS 46937 (C.D. Cal. Feb. 16, 2017) (granting motion to dismiss contributory infringement claim, finding that the amended pleading failed to allege material contribution or inducement); *Abbey House Media, Inc.*, 66 F. Supp. 3d at

15

421 (granting motion to dismiss, given that the facts alleged—instructions given—did not relate to "an infringing use" or promote the infringement at issue).

Further, given that Plaintiff has already been given a chance to amend its previously deficient pleading, that substantial discovery has already occurred, and the futility of any further amendment, Plaintiff respectfully submits that Plaintiff's contributory infringement claim should be dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Market Securities respectfully requests that the Court partially dismiss Plaintiff's SAC, and grant such other relief as is just and appropriate.

Dated:  September 25, 2023                     Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY:      S/ *Kerry B. Brownlee*
         Kerry B. Brownlee
         NY Bar No. 5309075
         kbrownlee@ipcounselors.com
         Jason M. Drangel (JD 7204)
         NY Bar No. 2538981
         jdrangel@ipcounselors.com
         60 East 42nd Street, Suite 1250
         New York, NY 10165
         Telephone: (212) 292-5390
         Facsimile: (212) 292-5391
         *Attorneys for Defendant*
         *Market Securities, LLC*
         *PRO HAC VICE*

**COPYRIGHT COUNSELORS, LLC**

BY:      S/ *John D. Mason*
         John D. Mason
         DC Bar No. 464072
         7315 Wisconsin Ave.
         Suite 400 West
         Bethesda, MD 20814
         Telephone: (888) 313-3637
         Facsimile: (301) 760-7032

16

jmason@copyrightcounselors.com
*Attorney for Defendant*
*Market Securities, LLC*