UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DBW PARTNERS, LLC d/b/a THE CAPITOL FORUM,<br><br>*Plaintiff*<br><br>v.<br><br>MARKET SECURITIES, LLC,<br><br>*Defendant* | CIVIL ACTION NO.: 22-1333 (BAH)<br><br>DEFENDANT'S RESPONSE/OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND DESIGNATE EXPERT WITNESS TESTIMONY |

**DEFENDANT'S RESPONSE/OPPOSITION TO MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND DESIGNATE EXPERT WITNESS TESTIMONY**

Pursuant to Paragraph 7(c) of this Court's Standing Order for Civil Cases (*Dkt. No. 5*), Defendant Market Securities, LLC ("Defendant" or "Market Securities") hereby respectfully submits its response/opposition to Plaintiff DBW Partners, LLC d/b/a The Capitol Forum's Motion for Extension of Time to Complete Discovery and Designate Expert Witness Testimony (filed under seal at *Dkt. No. 51*)[1] ("Plaintiff" or "CapForum" and "Motion", respectively).

**I.   DEFENDANT DOES NOT OPPOSE ANY EXTENSION, BUT OBJECTS TO PLAINTIFF'S GROUNDS THEREFOR**

At the outset, as noted in Plaintiff's Motion (*see* footnote one, which is the only portion in which Defendant took part, with the exception of the last sentence),[2] Defendant does not oppose

---

[1] The full title of Plaintiff's Motion is Motion for Extension of Time to Complete Discovery and Designate Expert Witness Testimony Due to Production of False Documents. Defendant's counsel advised Plaintiff's counsel that referring to Defendant's documents as "false" is a blatant misrepresentation, or at the very least, grossly misleading. Nonetheless, despite Defendant's counsel reminder of Plaintiff's counsel's duty of candor, Plaintiff proceeded with characterizing Defendant's documents as such. As further set forth herein, while it was found that certain of Defendant's documents were incomplete, any such incompleteness has now been cured by Defendant's production of the full Bloomberg Vault Data (as defined *infra*). Plaintiff's suggestion that any omissions are "unquestionably damaging to Market Securities 'defenses [sic]" (Motion, p. 2) is simply false.

[2] After providing Defendant's counsel with a draft of the Motion, Plaintiff's counsel revised the Motion, and filed it. Defendant's counsel did not see, and did not agree to, the insertion of the following language: "[i]n comments to the

1

Plaintiff's request for a four (4) month extension of the discovery period, although it notes that four (4) months is longer than necessary. Defendant also notes that the schedule for summary judgment set forth in the Motion on p. 6 should be adjusted to account for the fact that Plaintiff's proposed schedule for summary judgment has oppositions due on Saturday, July 5, 2025 (i.e., a holiday weekend). Defendant *does* object to the grounds on which Capitol Forum seeks said extension, and Capitol Forum's blatant misrepresentations, or at the very least, mischaracterizations of the alleged facts, including, but not limited to, the nature of any omissions in Defendant's original production (which have now been cured), and the testimony of Defendant's employees. Defendant also objects to Capitol Forum prematurely attempting to raise issues with the Court—in an extremely distorted, misleading, one-sided fashion—that are of minimal relevance to the relief currently sought by the Capitol Forum (i.e., an extension of the discovery period, and leave to designate additional experts). In light of the limited relevancy of Plaintiff's attestations to Plaintiff's Motion, Market Securities will not waste this Court's time and resources by responding to each one of Plaintiff's inflammatory attestations and/or correcting Plaintiff's misstatements, but instead, Market Securities will only focus on the relevant issues herein—namely, the size of the data recently produced—and reserves all rights to respond to all of Plaintiff's attestations at the appropriate time, and reserves all defenses thereto.

By way of background, on April 27, 2023, Market Securities responded to Plaintiff's First Request for Production of Documents, and produced its first set of documents, marked as MARKETSECURITIES00000001 to MARKETSECURITIES00000442. On or about May 4, 2023, Plaintiff's counsel and Market Securities' counsel had a telephonic meet and confer on

---

motion, defendant's counsel also objected to plaintiff's description of certain deposition by two of its witnesses, as noted above, but not to any other factual assertions by plaintiff." To be clear, as noted herein, Defendant does ***not*** agree to the accuracy of the other assertions set forth by Plaintiff in the Motion.

2

various discovery issues wherein the difficulty of Market Securities' efforts in pulling data residing on Market Securities' Bloomberg terminal—a software platform that is used by many in the financial industry to, among many other things, communicate via Bloomberg messages and Instant Bloomberg chats (collectively, "Bloomberg Chats")—was discussed. Market Securities was able to pull only approximately one years' worth of data residing on its Bloomberg terminals by copying and pasting the data therefrom,[3] and had to engage the services of Bloomberg Vault to search for and produce data from October 30, 2019 to April 11, 2022 using the five (5) search terms upon which the parties had agreed (CapForum, Capitol Forum, Capital Forum, Cap Forum, and Cappy). On May 8, 2023 and May 30, 2023, Market Securities supplemented its production, and produced documents marked as MARKETSECURITIES00000443 to MARKETSECURITIES00000563, and MARKETSECURITIES00000564 to MARKETSECURITIES00000565. After receiving the data set from Bloomberg (the "Bloomberg Vault Data") in or about June 2023, Market Securities again supplemented its production with documents marked MARKETSECURITIES00000566 to MARKETSECURITIES00000656, which, in light of the sheer size and voluminous nature of the Bloomberg Vault Data, consisted of Bloomberg Chats that were copied and pasted therefrom (a procedure that was discussed and agreed to by the parties' counsel).

After receiving documents produced by BTG Pactual, Inc./Cristina Suarez pursuant to a subpoena served by Plaintiff, Market Securities first became aware of the incomplete nature of certain documents that it had produced. Upon learning of this issue, Market Securities' counsel promptly advised Plaintiff's counsel that Market Securities would be supplementing its

---

[3] To illustrate the difficulty and burdensome nature of the data, Market Securities took screenshots, marked as MARKETSECURITIES00000558 to MARKETSECURITIES00000563, to provide an example of how it had to search for, and pull, the data it produced.

production, prior to Ms. Suarez' deposition, by manually re-searching through the Bloomberg Vault Data (a 993 MB zip file comprised of text files consisting of thousands upon thousands of pages of Bloomberg Chats, the vast majority of which are irrelevant to the merits of this case) for the term "Suarez". Pursuant to Fed. R. Civ. P. 26(e), Defendant produced additional documents, marked as MARKETSECURITIES00000657 to MARKETSECURITIES00000800 on November 5, 2024. On the following day, after the deposition of Market Securities employee Jeremy Civre, to ensure completeness, Market Securities' counsel suggested that it re-search the Bloomberg Vault Data for the original five (5) search terms, and, to the extent necessary, further supplement Market Securities' production. Plaintiff's counsel refused, and demanded full access to the Bloomberg Vault Data. On November 14, 2024, Market Securities produced the full Bloomberg Vault Data to Plaintiff. Market Securities also engaged the services of Bloomberg to pull data from April 30, 2021 to April 30, 2023.[4] Market Securities is currently still awaiting the additional data from Bloomberg, which advised that it typically takes ten (10) working days. Market Securities asked Bloomberg to expedite its request, and agreed to provide said data to Plaintiff upon receipt.

The original Bloomberg Vault Data was pulled for three (3) custodians: Jennifer Donaker, Eddie Lee, and Stephen Grahling. For each custodian, Bloomberg produced five (5) text files, and as such, the Bloomberg Vault Data consists of a total of fifteen (15) extremely large, and voluminous text files. Within each text file, the same Bloomberg Chats are repeatedly produced, given that Market Securities often blasts the same Bloomberg Chat to a multitude of clients at once. Many of the same Bloomberg Chats then appear across the custodians (in other words, the same Bloomberg Chat is often repeated within Jennifer Donaker's data, and then again appears

---

[4] Market Securities asked Bloomberg to pull data from April 12, 2022 to April 2023 since that data was pulled in 2023 directly from the Bloomberg terminals, which only store the full data for approximately one year looking back. Bloomberg recently advised that it would provide data for a longer period of two years rolling back (i.e., from April 2021 to April 2023), despite the 2021 data having already been produced.

4

repeated in Mr. Lee's or Mr. Grahling's). Market Securities' counsel attempted to PDF all fifteen (15) files, and only two (2) conversions were successful—with the two (2) files consisting of 93,343 pages and 15,901 pages, respectively. While Market Securities maintains that the Bloomberg Vault Data consists of a large amount of irrelevant data,[5] it agreed to give Plaintiff full access to ensure that Plaintiff could not raise any further issues regarding any perceived lack of completeness moving forward.[6] Accordingly, in order to permit Plaintiff time to go through the Bloomberg Vault Data (an arduous task that leaves room for human error), for Market Securities to receive the additional data set from Bloomberg, and for additional depositions to occur (including a re-deposition of Plaintiff's employee Trevor Baine, in addition to the depositions of Mr. Lee and Mr. Grahling referenced in Plaintiff's Motion), Market Securities believes an extension of the discovery period is warranted.

## II. PLAINTIFF'S REQUEST TO EXTEND THE DEADLINE FOR EXPERT DISCLOSURES SHOULD BE DENIED

Pursuant to this Court's initial scheduling order, all experts were to be designated by July 24, 2023 (*see* Minute Order issued on March 31, 2023). Despite the passage of said deadline some time ago, Plaintiff now seeks to reopen and extend that deadline on the basis that "Capitol Forum also seeks to designate additional expert testimony: to conduct forensic reviews of the source data as well as additional data responsive to new document requests which are now being served; to

---

[5] For example, the portions of the chats that were not included in Market Securities' original production, and were produced by Plaintiff as Exhibit A to its Motion do not support a finding of copyright infringement. As with Plaintiff's prior requests, the discovery that Plaintiff seeks—the full set of the Bloomberg Vault Data—is "a needlessly burdensome distraction" (*see* Your Honor's Minute Order issued on June 23, 2023); however, Market Securities has already now provided Plaintiff with access to the entirety of said data.

[6] Plaintiff suggests that good cause exists because Plaintiff has to "examine any data in iCloud, Google Drive and any other relevant servers, and to seek additional discovery from Market Securities (Ms. Donaker testified that she may have had "side chats" with Ms. Suarez which were not produced)." Motion, p. 6. Plaintiff fails to mention that Ms. Donaker searched her iCloud and Google Drives and no relevant results were yielded. Additionally, to the extent any "side chats" between Ms. Donaker and Ms. Suarez were not in Market Securities' original production, any such Bloomberg Chats were produced as part of the Bloomberg Vault Data (or will be in the new Bloomberg data, if the time period was after April 11, 2022).

analyze this information against the false transcripts to determine the number of violations that were hidden and the magnitude and materiality of the falsifications; and to assess Ms. Donaker's claim that all omissions were 'innocent mistakes.'" Motion, pp. 6-7. As noted above, Plaintiff now has full access to the Bloomberg Vault Data—data that was supplied directly from Bloomberg—so it is abundantly unclear why any "forensic" review would be justified. Moreover, the vague "expert" discovery that Plaintiff desires to introduce would only be relevant, if at all, to the sanctions motion that Plaintiff alludes to in its Motion (p. 7), not to the actual merits of this case. Accordingly, it is not proper expert testimony. *See, e.g.*, Fed. R. Evid. 702 (expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue"); *see also In Def. of Animals v. USDA*, 587 F. Supp. 2d 178, 182 (D.D.C. Nov. 21, 2008) ("expert testimony must be excluded as irrelevant 'if it has no bearing on any issue in the case[.]'") (internal citation omitted). Therefore, there is no justification for reopening and/or extending the deadline for the designation of experts.

Dated: November 26, 2024                                   Respectfully submitted,

                                                           **EPSTEIN DRANGEL LLP**

                                                           BY:    S/ *Kerry B. Brownlee*
                                                                  Kerry B. Brownlee
                                                                  NY Bar No. 5309075
                                                                  kbrownlee@ipcounselors.com
                                                                  Jason M. Drangel (JD 7204)
                                                                  NY Bar No. 2538981
                                                                  jdrangel@ipcounselors.com
                                                                  60 East 42nd Street, Suite 1250
                                                                  New York, NY 10165
                                                                  Telephone: (212) 292-5390
                                                                  Facsimile: (212) 292-5391
                                                                  *Attorneys for Defendant*
                                                                  *Market Securities, LLC*
                                                                  *PRO HAC VICE*