UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DBW PARTNERS LLC<br>d/b/a THE CAPITOL FORUM,<br><br>Plaintiff,<br><br>v.<br><br>MARKET SECURITIES, LLC.<br><br>Defendant. | Civil Action No. 22-1333 (BAH)<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

### Introduction and Summary

Plaintiff DBW Partners, LLC, d/b/a The Capitol Forum ("Capitol Forum") moves under Fed. R. Civ. P. 15(a) for leave to file a third amended complaint.[1] Capitol Forum's proposed third amended complaint adds as named defendants two individuals and integrated entities that own, control, and direct the management and policies of defendant Market Securities, LLC ("Market Securities"), that have the right and ability to supervise Market Securities' infringing activities, and that have financially benefited from those activities. Under the doctrine of *respondeat superior* and the tests applied by this Court, the added defendants are vicariously liable for the infringing activities of their agent Market Securities and are subject to the Court's personal jurisdiction. Capitol Forum's proposed third amended complaint also alleges additional infringing activities by Market Securities based on information it withheld in discovery

---

[1] Capitol Forum previously filed a motion for leave to file a third amended complaint and conferred with counsel for defendant about it, in accordance with LCvR 7(m). Counsel for defendants advised that defendant opposed that motion. Capitol form is withdrawing that motion and filing this replacement motion for leave to file a third amended complaint, which it has attached, and it reasonably assumes defendant opposes this motion as well.

1

A. **Statement**

On November 21, 2024, Capitol Forum took the deposition of Jennifer Donaker, Head of U.S. at Market Securities. Capitol Forum has alleged that Donaker was chiefly involved in the infringement of Capitol Forum's copyright by Market Securities and in the discovery abuses that concealed Market Securities' infringing activities from Capitol Forum.

Donaker testified that she was hired as the first employee of Market Securities by three partners – Olivier Kopf, Alain Fellous, and Kamal Haider -- in a "holding company" that owned Market Securities and that was "part of some larger group."[2] Donaker said the name of the "holding company" was Market Securities Holdings, Inc., that it was the "sole member" – that is, the "sole owner" – of Market Securities, and she agreed that it "direct[s] the management and policies" of Market Securities.[3] Donaker did not give the name of the "larger group" to which Market Securities Holdings, Inc. was a part, but she described this "larger group" as follows: "Market Securities has various – I guess I would call them *sister companies* all around the world (emphasis added).[4]

Donaker testified that, within the scope of her employment, she reported to Alain Fellous, the member of the holding company and the "larger group" who she identified by the title "CEO," regarding essential aspects of her day-to-day securities work.[5] She explained that, "if I was to hire somebody, for example, I would discuss with [Fellous] as a -- like a partner about hiring someone else and how they're compensated."[6] Similarly, Donaker would go to Fellous if she "need[ed] … more traders," or "if we have a clearing broker we have to change," or to

---

[2] Transcript of Deposition of Jennifer Donaker, November 21, 2024 ("Donaker Dep.") at 9-10.
[3] *Id*. at 18-19.
[4] *Id*.
[5] *Id*. at 13-15
[6] *Id*. at 14.

2

discuss the "fixed fees we have to deal with."[7]  In Donaker's words, she would discuss with Fellous "*the whole set up*.  So, if I need account opening teams.  If I need, like I said, back office reporting for the trades itself, the – the stock execution, clearing arrangements.  *It's just anything for the day-to-day business, I guess I would say.  He's somebody I would call if I needed help to run the team* (emphasis added)."[8]  Another partner with whom Donaker dealt was Olivier Kopf "who approves, you know, things like the costs for attending a trial."[9]  Donaker said that Kopf was located "in Dubai" and Fellous was located "[m]ostly" in "London."[10]

In addition to those two partners, Donaker testified that, within the scope of her employment, she also communicated with Tzu-Wing Yee, who she identified as "the head of European Risk Arb and Asia Arb" at "Market Securities, LLP," and with his team.[11]  She would communicate with them via the "Bloomberg chat" portal.[12]  Documents produced by Market Securities disclose that Market Securities, LLP and the affiliated company Kyte Broking Limited are both located at 55 Baker Street, London, United Kingdom, and are under "common control" with Market Securities.[13]  The website for Kyte Broking, https://www.kytebroking.com leads to the Market Securities website, which states that "Market Securities Group is the union of Market Securities and Kyte Broking."

Bloomberg chats produced by Market Securities reveal that Yee and employee of Kyte Broking named Gregg Maggiorani were participants in Donaker's infringement activities.  The Bloomberg chats show that Yee received pirated Capitol Forum articles and "blasted" the

---

[7] Donaker Dep. at 14.
[8] *Id*. at 14-15.
[9] *Id*. at 15.
[10] *Id*. at 15-16.
[11] *Id*. at 23-24.
[12] *Id*. at 25.
[13] *Exhibit* B to Declaration of Sean Fogarty in Response to Court's March 13, 2025 Minute Order ("Fogarty Dec."), ECF Doc. 66-1.

contents of those articles to clients of Market Securities.[14] The "blasts" say that Market Securities LLC is the agent of Kyte Broking Limited – information which defendants concealed from Capitol Forum in their initial discovery production. In one chat with Yee, in which he is identified as working for the "Kyte Group," Donaker said: "Im [sic] purposefully keeping you out of it. … Not even sure [Capitol Forum] realize we have an EU team and rather keep it that way."[15] The Bloomberg chats also describe how Maggiorani pirated Capitol Forum articles, "blasted" their contents to clients, and on one occasion, when Donaker was absent, obtained and reproduced an entire Capitol Forum article.[16]

    During the hearing held by the Court on March 13, 2025, to address Capitol Forum's motion for discovery sanctions, motion for leave to file a third amended complaint, and motion regarding a discovery search term, the Court inquired about Market Securities' opposition to Capitol Forum's motion for leave to file a third amended complaint. Market Securities' counsel responded: "Our main objection is to the addition of the two parties … [o]n the ground of futility due to a lack of personal jurisdiction over both of these entities."[17] The Court asked whether there was a "crossover of officers between the two companies," and Market Securities' counsel said "[n]o."[18] The Court then demanded that Market Securities produce within one week a list of all Market Securities companies in the United States and Europe and their relationships, including the names of the officers and board of directors members. The Court emphasized: "***And we want to see the whole thing*** (emphasis added)"[19]

---

[14] Bloomberg chats dated September 8, 2021, and October 7, 2021.
[15] *Id*. December 16, 2021.
[16] *Id*. May 7, 2021, June 8, 2021, June 15, 2021, September 13, 2021, and December 7, 2021.
[17] Tr. Hearing at 40.
[18] *Id*. at 40-41.
[19] *Id*.

The Court noted: "Now, all those companies could be named as Defendants, in the complaint … But that will provide me with some beginning information when I'm looking at the Defendants' opposition, should the opposition to the filing of the third amended complaint persist in evaluating that complaint. ***And it may be that the third amended complaint will be withdrawn because we're going to have a different amended complaint*** (emphasis added).[20] The Court memorialized its production demand in its Minute Order of March 13, 2025.[21]

On March 18, 2025, Market Securities served and file a response to the Court's Minute Order of March 13, 2025.[22] The response, to which Market Securities attached the Declaration of Sean Fogarty as "Head of Legal Kyte Broking Limited" and "General Counsel for Defendant Market Securities, LLC," listed 14 entities comprising the "Market Securities Group Limited," with each entity's "Board of Directors/Management Committee," a BrokerCheck Report on Market Securities by FINRA; and a one-page document entitled "Current Group Structure" of "Market Securities Group."[23]

Specifically, Market Securities' Response of March 18, 2025, reveals the following[24]:

- The Board of Directors/Management Committee for Market Securities Group Limited consists of Alain Fellous, Kamal Haider, Olivier Kopf, and Elie Jabbour;

- The Board of Directors/ Management Committee for Market Securities LLP consists of Alain Fellous, Kamal Haider, Olivier Kopf, and Elie Jabbour;

- The Board of Directors/Management Committee for Kyle Broking Group Limited consists of Alain Fellous, Kamal Haider, and Olivier Kopf;

---

[20] Tr. Hearing at 43.
[21] Minute Order of March 13, 2025, ECF Doc. 64.
[22] Defendant's Response to Court's Minute Order of March 13, 2025, ECF Doc. 66.
[23] Exhibits A, B, and C to Fogarty Dec.. ECF Docs. 66-2, 3, and 4.
[24] Fogarty Dec. at ¶ 10.

- The Board of Directors/Management Committee for Kyte Broking Holdings Limited consists of Alain Fellous;

- The Board of Directors/Management Committee for Kyte Broking Limited consists of Alain Fellous, Kamal Haider, Olivier Kopf, and Elie Jabbour;

- The Board od Directors/Management Committee for Market Securities Holdings, Inc. consists of Alain Fellous, Kamal Haider, and Olivier Kopf;

- The Board of Directors/Management Committee for Market Securities LLC consists of Market Securities Holdings, Inc. (sole member of Market Securities LLC);

- The Board of Directors/Management Committee for Market Securities (Dubai) Limited consists of Alain Fellous, Kamal Haider, Olivier Kopf, Elie Jabbour, and Hani Jabbour; and

- The Board of Directors/Management Committee for Market Securities (Hong Kong) Limited consists of Alain Fellous, Kamal Haider, Olivier Kopf, Elie Jabbour, and Emmanuel Faure.

In addition, Market Securities' Response of March 18, 2025, reveals the following:[25]

- Market Securities Group Limited is the "100%" owner of Market Securities Holdings, Inc., Market Securities LLC; Kyte Broking Group Ltd., Market Securities (Dubai) Ltd., and Market Securities (Hong Kong) Ltd;

- Market Securities Group Limited is the "100%" owner of Baker 55 Limited, which is the "100%" owner of Market Securities LLP;

- Kyte Broking Group is the "100%" owner of Kyte Broking (Holdings) Ltd., which is the "100%" owner of Kyte Broking Ltd.;

---

[25] Exhibits B and C to Fogarty Dec., ECF Docs. 66-3, and 4.

- Market Securities Group Limited "direct[s] the management or policies" of Market Securities LLC; and

- Market Securities LLP, Kyte Broking Limited, Market Securities (Dubai), and Market Securities (Hong Kong) are all "under common control" with Market Securities LLC.

Finally, Market Securities' Response of March 18, 2025, reveals that Alain Fellous sits at the top of the Market Securities Group structure.[26] Fellous is the "100%" owner of Grand Belvedere SPF SARL (LUX), which along with seven individuals, owns Market Securities Group Limited.[27]

In sum, Market Securities' Response of March 18, 2025, shows that Donaker, Yee, and Maggiorani performed their allegedly infringing activities as agents of Alain Fellous, Olivier Kopf, and a complex web of commonly owned and controlled companies directed and managed by them, namely: Market Securities Group Limited, Market Securities Holdings, Inc, Market Securities LLC, Market Securities LLP, Kyte Broking Group Ltd., Kyte Broking (Holdings) Ltd., Kyte Broking Ltd., Market Securities (Dubai) Ltd., and Market Securities (Hong Kong) Ltd.  Consistent with the Court's observation at the hearing on March 13, 2025, "all those companies could be named as Defendants in the complaint."[28]

### B. The Law

Fed. R. Civ. P. 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires."  Thus, in *Trustees of the IAM Nat'l Pension Fund v. M&K Employees Solutions, LLC*, Case No. 1:20-cv-433 (RCL), 2022 WL 5944539, at *11-12 (D.D.C. Feb. 28,

---

[26] Exhibit C to Fogarty Dec., ECF Doc. 66-4.
[27] *Id*.
[28] Tr. Hearing at 43.

2022), this Court granted plaintiff leave to file a fourth amended complaint because plaintiff did not discover the information underlying the amendment until shortly before it moved for leave to amend. Leave to amend will be denied only if there is evidence of bad faith or undue delay on the part of the moving plaintiff. *Onyewuchi v. Gonzalez,* 267 F.R.D. 417, 420 (D.D.C. 2010).

 Here, it was less than a month ago, on March 18, 2025, when Market Securities served and filed its Response to the Court's Minute Order of March 13, 2025, that Capitol Forum learned most of the detailed information about the relationship between the defendants it wants to add and defendant Market Securities. Capitol Forum learned about Market Securities' additional infringing activities from information that Market Securities previously withheld in discovery. Therefore, Capitol Forum's motion for leave to file a third amended complaint is not the result of bad faith or undue delay, and the Court should grant it.

 The Court may grant Capitol Forum's motion to add the new defendants to this case in accord with the doctrine of *respondeat superior* and without having to pierce the corporate veil. "'It is well established in this jurisdiction that a claim for copyright infringement sounds in tort.'" *Strike 3 Holdings, LLC v. Doe*, Civil Action No. 1:23-cv-1455, 2023 WL 4581650 at *4 (D.D.C. July 18, 2023). Under District of Columbia tort law, "'[r]espondeat superior'" is a "legal theory of vicarious liability that transfers liability from an agent to its principals." *Simmons v. Skelonc*, Civil Action No. 20-2845 (CKK), 2021 WL 3207042 at *7 (D.D.C. July 29, 2021). "Multiple employers can be vicariously liable for a single employee's conduct." *Pizana v. SanMedica Int'l, LLC*, No. 1:18-cv-00644-ADA-SKO, 2023 WL 8528640 at *16 (E.D. Cal. Dec. 8, 2023). Thus, this Court has held that, "[i]t is well established that an individual may be held vicariously liable for copyright infringement if he (i) has the 'right and ability' to supervise

8

the infringing activity and (ii) has a 'direct financial interest' in such activities.'" *MOB Music Pub. v. Zanzibar on the Waterfront, LLC*, 698 F.Supp.2d 197, 206 (D.D.C. 2010).[29]

The deposition testimony and documents produced by Market Securities confirm that, although Donaker is nominally employed by Market Securities LLC, she was hired by Fellous and Kopf in their capacities as owners of Market Securities Limited Group, which owns and direct the management and policies of Market Securities LLC; she reported to Fellous in his capacity as quasi "CEO" of that Group on a "day-to-day" basis regarding "the whole set up" at Market Securities LLL, including hiring, securities trading operations, and other essential business dealings; she coordinated her copyright infringing activities and concealment with Yee, who is associated with Market Securities LLP, Kyte Broking, Market Securities (Dubai), and Market Securities (Hong Kong); Yee and Maggiorani, who is also associated with Kyte Broking, also engaged in copyright infringing activities; and that Fellous, Kopf, and their empire of integrated companies have the right and ability to supervise and profit financially from the infringing activities of their agents Donaker, Yee, and Maggiorani. Accordingly, the proposed added defendants are vicariously liable for the infringing activities of those agents.

Given Capitol Forum's allegation that the added defendants are vicariously liable for the infringing activities of their agents in the forum, the Court may assert personal jurisdiction over them. This Court, applying the D.C "long-arm" statute (D.C. Code § 13-243(a)(3), has asserted specific personal jurisdiction over non-residents who were allegedly vicariously liable for misconduct caused by their agents in the forum. *Doe v. Roman Catholic Diocese of Greensburg*,

---

[29] This test is similar to the "agency" test and the "integrated enterprise" test the Court applies to determine whether a parent corporation is liable for the acts of its subsidiary. Under the "agency" test, the court examines whether the parent exercises a significant degree of control over the subsidiary, and under the "integrated enterprise" the court considers the interrelation of operations, common control, common management, and common ownership. *Diamond Chemical Co, Inc. v. Atofina Chemicals, Inc.*, 268 F.Supp.2d 1, 13-14 (D.D.C. 2003).

581 F.Supp.3d 176, 190-193 (D.D.C. 2022).  Other courts applying similar state "long-arm" statutes have done the same.  *E.g., Sarmiento Lopez v. CMI Leisure Management, Inc.*, 591 F.Supp.3d 1232 (S.D. Fla. 2022).[30]

.                                          Respectfully submitted,

                                                 _____
John B. Williams (DC Bar #257667)
WILLIAMS LOPATTO PLLC
1629 K Street, N.W. Suite 300
Washington, D.C.  20006
Tel.: (202) 296-1611
jbwilliams@williamslopatto.com

Neil H. Koslowe (DC Bar #361792)
Potomac Law Group, PLLC
1717 Pennsylvania Avenue, N.W.
Suite 1025
Washington, DC 20006
Tel.: (202) 320-8907
nkoslowe@potomaclaw.com

*Counsel for Plaintiff*

---

[30] Although it is not necessary for the Court to pierce the corporate veil at the present time, Capitol Forum intends to pursue discovery that would support piercing the corporate veil.  It may be necessary for Capitol Forum to ask the Court to pierce the corporate veil if it prevails at trial and an issue arises about collecting the money judgment.  *See United States v. TDC Management Corp.*, 263 F.Supp.3d 257 (D.D.C. 2017).