UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DBW PARTNERS, LLC d/b/a THE CAPITOL FORUM,

    *Plaintiff*,

v.

MARKET SECURITIES, LLC,

    *Defendant*.

Civil Action No. 1:22-cv-1333-BAH

## JOINT STATUS REPORT

Pursuant to the Court's May 14, 2025, Minute Order, Plaintiff DBW Partners, LLC d/b/a The Capitol Forum ("Plaintiff" or "Capitol Forum") and Defendant Market Securities, LLC ("Defendant" or "Market Securities") respectfully submit this Joint Status Report.

### 1. Status of the Matter

Plaintiff's Position

Plaintiff respectfully requests that the Court lift the stay and allow the case to move Forward in accordance with Plaintiff's proposed schedule below. Lifting the stay will compel Defendant to comply with the Court's order "requiring it to search all of its archived data for the period between March 3, 2020, and December 31, 2021, for all six search terms identified by plaintiff, including "CF," and produce relevant records to plaintiff within 30 days of the lifting of the stay" (ECF Doc. 64). Defendant has represented this search will involve a significant number of "CF" documents, and Plaintiff needs sufficient opportunity to review them before any motions are due. Lifting the stay also will allow the Court to rule, after briefing, on Plaintiff's pending Motion for Leave to File a Third Amended Complaint. Lifting the stay would not interfere with the parties' ability to continue to pursue settlement or mediation before Judge Scheindlin, to the extent her schedule would permit.

Defendant's Position

Defendant respectfully requests a two-week extension of the stay to June 10, 2025. Defendant believes that the continued assistance of the mediator (Hon. Shira Scheindlin) is necessary to resolve this matter, and a short extension of the stay would allow the parties additional time to engage Judge Scheindlin's services. Defendant submits there is no reason to incur the expense of attorney time spent reviewing and producing additional documents for production while settlement discussions are ongoing, and the parties' time and resources would be better used continuing to explore the prospect of an out-of-court resolution.

## 2. Plaintiff's Motion for Leave to File Third Amended Complaint

Plaintiff's Position

Plaintiff proposes in its motion to add new defendants who Plaintiff alleges are vicariously liable for copyright infringement on the theory of *respondeat superior*. Although the issue of liability on this theory ultimately is one for the jury, for purposes of establishing personal jurisdiction over these new defendants the Court need only conduct a streamlined analysis focusing on whether the activities of the agents and employees of these defendants were performed within the scope of their employment. Plaintiff contends that, on the basis of documents produced in discovery to date, including the documents produced by Defendant in response to the Court's Order of March 13, 2025, and the testimony of Jennifer Donaker, the agents and employees of the proposed new defendants acted within the scope of their employment, and Plaintiff's motion should be granted.

Defendant's Position

In Plaintiff's latest Motion for Leave to File Third Amended Complaint (ECF 73), Plaintiff seeks leave to add seven entities and two natural persons as defendants, as well as an additional claim under 17 U.S.C. § 1202, and additional claims of infringement. Defendant intends to oppose

Plaintiff's request in part. Amending to add certain additional parties is futile for several reasons, including that the Court may not exercise personal jurisdiction over them.

The parties have agreed on a briefing schedule to address the pending motion for leave to amend: Defendant's opposition to be due June 10, 2025, and Plaintiff's reply to be due June 13, 2025. These dates are included in the proposed schedule below.

### 3. Proposed Schedule

Plaintiff's Position

Plaintiff's proposed pre-trial schedule is based on a trial date of November 7, 2025, December 1, 2025, or December 8, 2025. If the Court grants Plaintiff's motion for leave to file a third amended complaint, Plaintiff disagrees with Defendant that it will need to take any discovery beyond that already due to be completed by July 31, 2025. Otherwise, Plaintiff agrees with the pre-trial schedule proposed by Defendant with the following exception: Plaintiff proposes that the parties file motions, including dispositive, non-dispositive, and *in limime* motions, by August 15, 20125, two weeks after the close of expert discovery on July 31, 2025. This will give the Court flexibility to start the trial on any of the three dates the parties previously informed the Court that they would be available.

Defendant's Position

The parties previously informed the Court that they could be available for a trial beginning on November 17, 2025; December 1, 2025; or December 8, 2025. *See* Joint Status Report (ECF 72). Defendant's proposed dates are based on a December 8, 2025, trial date. If Plaintiff's motion for leave to amend were granted, Defendants expects that there will be additional motion practice regarding new defendants.

The parties have reached agreement regarding the pre-trial dates, with the exception of how to sequence summary judgment motions with any *Daubert* motions and motions *in limine*. Plaintiff

proposes that dispositive motions, *Daubert* motions, and motions *in limine* to be briefed simultaneously: motions due August 15, oppositions due September 19, replies due October 17. Defendants propose that summary judgment and *Daubert* briefing be completed together first, with briefing on any motions *in limine* to follow. Plaintiff's proposal is unworkable—not least because it requires briefing motions *in limine* before the parties exchange exhibit lists. Defendant's proposal, on the other hand, is more efficient because the parties will have exchanged exhibit lists and evidentiary objections and will have the benefit of any summary judgment rulings before the parties file motions in *limine*.

The parties' proposed schedules are set forth below:

| Event | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Defense files opposition to Plaintiff's motion for leave to file Third Amended Complaint | June 10, 2020 | June 10, 2025 |
| Plaintiff files reply in support of its motion for leave to file Third Amended Complaint | June 13, 2025 | June 13, 2025 |
| Defense serves list of intended trial witnesses | June 13, 2025 | June 13, 2025 (without prejudice to the Defense identifying additional fact witnesses no more than 3 business days after the Court rules on Plaintiff's motion for leave to file Third Amended Complaint) |
| Parties serve expert disclosures | June 30, 2025 | June 30, 2025 |
| Close of fact and expert discovery | July 31, 2025 | July 31, 2025 |
| Parties file dispositive, non-dispositive, *Daubert*, and *in limine* motions | August 15, 2025 | |
| Parties file dispositive motions and *Daubert* motions | August 15, 2025 | August 15, 2025 |

4

| | | |
|---|---|---|
| Parties file oppositions to dispositive motions and *Daubert* motions | September 19, 2025 | September 19, 2025 |
| Parties file replies in support of dispositive motions and *Daubert* motions | October 17, 2025 | October 17, 2025 |
| Plaintiff serves its final exhibit list and initial deposition designations | October 20, 2025 | October 20, 2025 |
| Defense serves its final exhibit list, objections to plaintiff's exhibit list, objections to plaintiff's deposition designations, defense deposition designations, counter-designations and completeness designations | October 24, 2025 | October 24, 2025 |
| Plaintiff serves objections to defense exhibit list, objections to defense initial deposition designations, counter-designations and completeness designations | October 31, 2025 | October 31, 2025 |
| Parties file motions in limine | August 15, 2025 | November 3, 2025 |
| Parties file oppositions to motions in limine | September 19, 2025 | November 17, 2025 |
| Parties file replies in support of motions in limine | October 17, 2025 | November 24, 2025 |
| Parties file Pretrial Statements (including voir dire questions, jury instructions, and verdict forms) | 14 days before final pretrial conference | 14 days before final pretrial conference |
| Trial begins | November 17, 2025; December 1, 2025; or December 8, 2025 | December 8, 2025 |

Dated: May 27, 2025                    Respectfully submitted,


                                       By:   /s/ John B. Williams
                                             John B. Williams (DC Bar #257667)
                                             WILLIAMS LOPATTO PLLC
                                             1629 K Street, N.W. Suite 300
                                             Washington, D.C. 20006
                                             Tel.: (202) 277-8435

5

jbwilliams@williamslopatto.com

*/s/ Neil H. Koslowe*

Neil H. Koslowe (DC Bar #361792)
Potomac Law Group, PLLC
1717 Pennsylvania Avenue, N.W.
Suite 1025
Washington, DC 20006
Tel.: (202) 320-8907
nkoslowe@potomaclaw.com

*Counsel for Plaintiff*


/s/ *Jason M. Drangel*

Jason M. Drangel
Kerry B. Brownlee
Epstein Drangel
60 East 42nd Street
Suite 1250
New York, New York 10016
jdrangel@ipcounselors.com
kbrownlee@ipcounselors.com
212-292-5390


John D. Mason
7315 Wisconsin Avenue
Suite 400 West
Bethesda, Wisconsin 20814
jmason@copyrightcounselors.com
301-760-7032


Richard Parker
James H. Weingarten
Anastasia Pastan
Milbank LLP
1850 K Street, N.W.
Washington, DC 20006
202-835-7530
rparker@milbank.com
jweingarten@milbank.com
apastan@milbank.com

*Counsel for Defendant*